J-S58022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACK EDWARD ALLEN, | |
| Appellant | No. 153 WDA 2014 |

Appeal from the PCRA Order Entered January 16, 2014
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000738-1995

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY BENDER, P.J.E.:                **FILED SEPTEMBER 05, 2014**

Appellant, Jack Edward Allen, appeals *pro se* from the trial court's January 16, 2014 order denying, as untimely, his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> [Appellant] … was convicted of, *inter alia*, first degree murder and was sentenced to an aggregate term of life imprisonment in 1996, after shooting his wife, Teresa Allen, in the back of her head in the presence of several witnesses on July 19, 1995. Mrs. Allen later passed away as a result of her ghastly injuries. [Appellant] subsequently filed a petition under the [PCRA] … after which he received relief in the form of [the] reinstatement

_____

* Retired Senior Judge assigned to the Superior Court.

of his appellate rights *nunc pro tunc*. As a result [of his subsequent appeal], the Superior Court vacated [Appellant's] judgment of sentence. **Commonwealth v. Allen**, 895 A.2d 644 (Pa. Super. Ct. 2006) (unpublished memorandum), *appeal denied*, 906 A.2d 537 (Pa. 2006).

Per the Superior Court's dictates a second trial was held. [Appellant] was again convicted of first degree murder, along with other charges. On December 20, 2006, [Appellant] was, for a second time, sentenced to an aggregate term of life imprisonment. [Appellant] appealed his conviction, and the Superior Court affirmed the judgment of sentence on June 3, 2008. **Commonwealth v. Allen**, 959 A.2d 456 (Pa. Super. Ct. 2008) (unpublished memorandum), *appeal denied*, 959 A.2d 927 (Pa. 2008). During the pendency of the direct appeal process, [Appellant] filed numerous PCRA petitions that were dismissed by this [c]ourt without prejudice due to the pendency of other actions on direct appeal.

This Opinion stems from a *pro se* PCRA petition, which was filed on July 25, 2011, and a *pro se* Motion for New Trial that was filed on September 15, 2011. The [c]ourt originally dismissed these petitions. In this [c]ourt's Notice of Intent to Dismiss, the [c]ourt characterized these petitions as untimely and determined that [Appellant] was not entitled to an attorney. [Appellant] appealed this [c]ourt's decision. The Superior Court, on September 13, 2012, vacated this Court's order dismissing the petitions and remanded for the appointment of counsel in order for [Appellant] to file an amended petition or take other action to proceed on [Appellant's] original petitions. **Commonwealth v. Allen**, 60 A.3d 851 (Pa. Super. Ct. 2012) (unpublished memorandum).

On remand, this [c]ourt appointed Attorney Patrick Lavelle as counsel for [Appellant]. On January 30, 2013, the [c]ourt granted Attorney Lavelle thirty (30) days to file an Amended PCRA petition or other pleading. In lieu of proceeding with [Appellant's] PCRA, on March 21, 2013, Attorney Lavelle filed a petition to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. Ct. 1988). On March 25, 2013, the [c]ourt, upon review of the record and Attorney Lavelle's "no-merit" letter, granted counsel's petition to withdraw and dismissed the PCRA petition. [Appellant] once again appealed this [c]ourt's decision to the Superior Court.

The Superior Court, on November 14, 2013, vacated this [c]ourt's Order dismissing [Appellant's] PCRA petition and remanded this case back to this [c]ourt. ***Commonwealth v. Allen***, [91 A.3d 1285] (Pa. Super. Ct. 2013) (unpublished memorandum). The Superior Court found that this [c]ourt erred in not allowing [Appellant] an opportunity to respond to Attorney Lavelle's no-merit letter. In addition, the Superior Court expressed that it was improper for this [c]ourt to adopt the no-merit letter in lieu of writing an Opinion on the matter. The Superior Court lastly dictated that this [c]ourt should allow [Appellant] an opportunity to respond to Attorney Lavelle's letter and evaluate any response by [Appellant].

Per the Superior Court's opinion, [Appellant] filed written objections to Attorney Lavelle's no-merit letter on November 26, 2013. The [c]ourt, on December 11, 2013, abiding by the Superior Court's opinion, addressed [Appellant's] contentions in its Notice of Intent to Dismiss, written pursuant to Pa.R.Crim.P. 907. In the interests of justice, the [c]ourt clearly outlined what procedural steps [Appellant] needed to take in filing a proper PCRA petition. The [c]ourt, in its Notice of Intent to Dismiss, allowed [Appellant] to file an amended PCRA petition that would indicate which of the three (3) statutory exceptions to the timeliness provisions, permitted by the PCRA statute, would entitle [Appellant] to relief. The [c]ourt further instructed [Appellant] that, only after a showing that he met an exception to the timeliness requirement, … was [he] to proceed to state a claim, or claims, which were cognizable under the PCRA and that have merit. [Appellant] filed said document, *pro se*, on December 23, 2013. However, [Appellant] did not state an exception to the timeliness requirement as requested by the [c]ourt and 42 Pa.C.S.A. § 9545. [Appellant] stated that he was entitled to relief under two (2) of the exceptions, but failed to state what those exceptions were or proffer facts in support of those exceptions.

The [c]ourt, in an Order dated January 16, 2014, dismissed the *pro se* PCRA petition filed by [Appellant] for the reasons set forth in the [c]ourt's Notice of Intent to Dismiss dated December 11, 2013. [Appellant] filed a Notice of Appeal on January 22, 2014, appealing the aforementioned Order of this [c]ourt to the Superior Court. The [c]ourt, on January 24, 2014, instructed [Appellant] to file a concise statement of the matters complained of on appeal, per Rule of Appellate Procedure

- 3 -

1925(b). [Appellant] filed said document on February 28, 2014....[1]

PCRA Court Opinion (PCO), 4/2/14, at 1-4.

On appeal, Appellant lists 12 issues for our review in the Statement of the Questions Involved section of his brief.[2] However, before we may address any of Appellant's claims, we must assess the timeliness of his petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); *Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition).

_____

[1] While the court's order directing Appellant to file a Rule 1925(b) statement was dated January 24, 2014, it was not filed until February 24, 2014. Thus, Appellant's February 28, 2014 Rule 1925(b) statement was timely.

[2] We note that Appellant's eight-page, single spaced Argument section is not divided "into as many parts as there are questions to be argued;" instead, it is one uninterrupted discussion without any headings indicating what issue Appellant is addressing. *See* Pa.R.A.P. 2119(a).

Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, this Court affirmed Appellant's judgment of sentence on June 3, 2008, and our Supreme Court denied his subsequent petition for allowance of appeal on October 14, 2008. Thus, Appellant's judgment of sentence

became final 90 day thereafter, or on January 12, 2009. ***See*** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); ***Commonwealth v. Owens***, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Consequently, Appellant had until January 12, 2010, to file a timely PCRA petition. He did not file the instant *pro se* petition until July 25, 2011. Accordingly, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant's argument is extremely confusing, but from what we can ascertain, his principal contention is that he received ineffective assistance from all prior counsel and, in particular, from Attorney Lavelle. ***See*** Appellant's Brief at 1, 3, 5, 7. As our Supreme Court has "previously and repeatedly explained, a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." ***Commonwealth v. Morris***, 822 A.2d 684, 694-695 (Pa. 2003) (citing ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999)). Thus, Appellant's allegations of ineffectiveness do not except Appellant's petition from the PCRA's one-year time-bar.

Appellant also avers that his petition is timely because it was filed within one year of the judgment becoming final on a federal petition for writ of *habeas corpus* filed by Appellant. On December 13, 2010, the United States Supreme Court denied Appellant's petition for writ of certiorari in that case. ***See Allen v. Britton***, 131 S.Ct. 823 (US 2010). Appellant maintains that, as such, he had until December 13, 2011, to file a timely PCRA petition. However, in ***Commonwealth v. Fahy***, 737 A.2d 214 (Pa. 1999), our Supreme Court rejected a similar claim that filing a federal *habeas* petition tolls the PCRA's time limitations. The Court emphasized that "[t]o allow tolling of the PCRA's time limitations where a writ for federal *habeas* relief has been filed would undermine the federal policy of initial state review, and in fact, would encourage initial review in the federal system." ***Id.*** at 223. In light of ***Fahy***, we conclude that Appellant's filing of a *habeas* petition in federal court has no bearing on the timeliness of his PCRA petition. Under the PCRA, Appellant's judgment of sentence became final on January 12, 2009, making his *pro se* PCRA petition facially untimely.

Appellant proffers one other argument that could be construed as an attempt to invoke a timeliness exception. He maintains that he has affidavits from several "witnesses" who claim "that the alleged dead victim is still very much alive and well…." Appellant's Brief at 6 (unnecessary capitalization omitted). Appellant also claims that he has documents that were handwritten by the victim after her "alleged" death, which would demonstrate that she is not deceased. ***Id.***

Appellant indicates that he raised these claims before the PCRA court in his *pro se* amended petition filed on December 23, 2013. Our review of that document confirms that Appellant stated he possessed "affidavits from three witnesses [claiming] they witnessed the victim … still very much alive and well, walking around." *Pro Se* Amended Petition, 12/23/13, at 7. However, in the next sentence, Appellant states, "Names and addresses are unknown to petitioner, needs to be investigated and searched out for these witnesses." **Id.** In regard to Appellant's possession of handwritten documents purportedly drafted by the victim after her death, Appellant states in the amended petition that he "is without funds to make copies until next pay." **Id.** Consequently, Appellant did not attach any proof of these handwritten documents.

We construe Appellant's argument as an attempt to invoke the after-discovered fact exception of section 9545(b)(1)(ii). However, Appellant's unverified claim that he has proof that the victim is still alive is insufficient to meet his burden of pleading and proving the applicability of that exception.

In sum, the record supports the PCRA court's determination that Appellant's petition is untimely and he meets no exception to the timeliness requirement. On appeal, Appellant offers no argument to convince us otherwise. Consequently, we ascertain no error in the court's decision to deny his petition without a hearing. **See Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007) (stating this Court's standard of review regarding an order denying a petition under the PCRA is whether the

determination of the PCRA court is supported by the evidence of record and is free of legal error).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/2014